IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION


COREY JARREL JOHNSON,      )
                           )
        Plaintiff,         )
                           )        CIVIL ACTION NO.
        v.                 )        1:14cv220-MHT
                           )            (WO)
UNITED STATES OF AMERICA,  )
                           )
        Defendant.         )


AMANDA JO PEACOCK,         )
                           )
        Plaintiff,         )
                           )        CIVIL ACTION NO.
        v.                 )        1:14cv221-MHT
                           )            (WO)
UNITED STATES OF AMERICA,  )
                           )
        Defendant.         )

KA.I.P., a minor, by and )
through her maternal )
grandmother, custodian and )
next friend, Stephanie )
Jones; KE.I.P., a minor, )
by and through his )
maternal grandmother, )
custodian and next friend, )
Stephanie Jones; and )
K.J.P., a minor, by and )
through his maternal )
grandmother, custodian and )
next friend, Wendy Hall; )
                        )
    Plaintiffs,         )
                        )         CIVIL ACTION NO.
    v.                  )         1:14cv222-MHT
                        )            (WO)
UNITED STATES OF AMERICA, )
                        )
    Defendant.          )


                    OPINION

    These three consolidated cases arise out an

automobile accident in Coffee County, Alabama.[1]

_____

    1. The three cases are styled as follows: <u>Johnson
v. United States of America</u>, 1:14cv220-MHT (LEAD),
<u>Peacock v. United States of America</u>, 1:14cv221-MHT
(MEMBER), and <u>Ka.I.P., et al. v. United States of
America</u>, 1:14cv222-MHT (MEMBER). Although these
actions were consolidated by court order, dated July
23, 2014 in 1:14cv220-MHT (doc. no. 17), in 1:14cv221-
MHT (doc. no. 15), and in 1:14cv222-MHT (doc. no. 22),
                              (footnote continued)

Plaintiffs Corey Jarrel Johnson, Amanda Jo Peacock, and Ka.I.P. (a minor child) suffered injuries when their automobile collided with an automobile driven by a Naval Second Class Petty Officer.  Ka.I.P. and her siblings, plaintiffs Ke.I.P. and K.J.P. (also minor children) bring claims for loss of parental consortium under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b), et seq., based on the injuries their parents sustained in the accident.  These cases are now before the court on defendant United States of America's motion to dismiss the three minor children's claims for loss of parental consortium.  For the reasons that follow, the motion will be granted.


## I.  STANDARD FOR MOTIONS TO DISMISS

The United States is seeking to dismiss the minor children's claims for loss of parental consortium under Fed. R. Civ. P. 12(b)(1) through a facial attack on the court's subject-matter jurisdiction or, in the

------

the motion to dismiss currently before the court was filed in only 1:14cv222-MHT, prior to consolidation.

3

alternative, under Fed. R. Civ. P. 12(b)(6) on the basis that these claims are not legally cognizable under Alabama law.   "'A facial attack [under Rule 12(b)(1)] questions the sufficiency of the pleading and the plaintiff enjoys similar safeguards to those provided when opposing a motion to dismiss' under Rule 12(b)(6)." Cardwell v. Auburn Univ. Montgomery, 941 F. Supp. 2d 1322, 1327 (M.D. Ala. 2013) (Fuller, J.). When deciding either type of motion, "[t]he court accepts the plaintiff's allegations as true, construes them most favorably to the plaintiff, and will not look beyond the face of the complaint to determine jurisdiction." Id.; see also Pielage v. McConnell, 516 F.3d 1282, 1284 (11th Cir. 2008).   The court should make reasonable inferences in the plaintiff's favor but is "not required to draw [a] plaintiff's inference" or to "accept a plaintiff's legal conclusions." Aldana v. Del Monte Fresh Produce, N. Am., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005).   "The general rule is that a complaint should not be dismissed unless it appears

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Sea Vessel, Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994) (citation omitted).


## II.  BACKGROUND

On March 27, 2012, Johnson was driving a sedan on a highway in Coffee County, Alabama, when his vehicle collided with a vehicle owned and maintained by the United States and driven by a Naval Second Class Petty Officer.  The complaint alleges that, in driving his vehicle, the officer was acting in the course and scope of his employment with the Navy.  Peacock and Ka.I.P. were passengers in Johnson's vehicle.  Johnson, Peacock, and Ka.I.P. were injured in the collision.

Johnson, Peacock, and Ka.I.P. filed three separate lawsuits against the United States.  Ka.I.P.'s siblings, Ke.I.P. and K.J.P., joined as plaintiffs in Ka.I.P.'s lawsuit, and they each assert claims for loss of parental consortium based on the injuries their

parents sustained in the collision.  As stated, the United States has moved to dismiss the minor children's claims for loss of parental consortium.


### III.  DISCUSSION

The FTCA provides a limited waiver of the government's sovereign immunity for tort claims.  The statute vests the district courts with jurisdiction to hear "civil actions on claims against the United States, for money damages, ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  "State law, therefore, governs the question of whether the United States has waived its sovereign immunity against liability for the acts

complained of by the plaintiff[s]." <u>Lawrence v.</u>
<u>Dunbar</u>, 919 F.2d 1525, 1528 (11th Cir. 1990) (per
curiam) (citations omitted). Thus, "[u]nless,
according to the law of [Alabama], the United States
could be liable for [the] alleged tort of its employee
if it were a private person, then not only is the
sovereign's immunity intact, but the district court is
without subject matter jurisdiction and must dismiss
the suit." <u>Id</u>. (citations omitted).

The United States argues that, because Alabama does
not recognize claims for loss of parental consortium,
those claims must be dismissed, for this court, in
turn, lacks subject-matter jurisdiction to hear them
under the FTCA's limited waiver of sovereign immunity.
The court agrees. In <u>Patterson v. Hayes</u>, 623 So. 2d
1142, 1146 (Ala. 1993), the Alabama Supreme Court
explained: "[D]enying a child a right to prosecute a
loss of consortium claim for injuries to his parent ...
is the law in Alabama. Any further discussion is

unnecessary."[2]   The   plaintiffs'   citations   do   not
contradict or undermine this clear statement of Alabama
law.

Because   the   minor   children's   claims   for   loss   of
parental  consortium  are  not  recognized  under  Alabama
law,   the   court   lacks   subject-matter   jurisdiction   and
must  dismiss  these  claims.   Also,  because  Ke.I.P.  and
K.J.P.  have  no  other  claims,  they  will  be  dismissed  as
parties.

---

2.   The  minor  children  point  out  that  this  court
held  in  Barton v. American Red Cross,  804  F.  Supp.
1455,  1464  (M.D.  Ala.  1992)  (Thompson,  J.),  that  the
Alabama  Supreme  Court  would  recognize  a  right  to  loss
of  parental  consortium,  but  only  to  the  extent  of  loss
of  services.    It  must  be  noted,  however,  that  the
court's  Barton  holding  was  based  on  an  interpretation
of  Alabama  law  at  that  time;  the  Alabama  Supreme  Court
had  not  yet  addressed  whether  such  a  cause  of  action
existed  under  Alabama  law.    Since  then,  as  explained
above,   the   Alabama   Supreme   Court   clarified   in
Patterson,  623  So.  2d  at  1146,  that  a  claim  for  loss  of
parental  consortium  is  not  cognizable  under  Alabama
law.   Once  the  Alabama  Supreme  Court--the  final  arbiter
of  Alabama  law--spoke  to  the  viability  of  loss  of
parental  consortium  claims  in  Patterson,  this  court's
holding  in  Barton  vanished  "like  the  proverbial  bat  in
daylight,  only  faster."   Sultenfuss v. Snow,  35  F.3d
1494,  1504  (11th  Cir.  1994)  (Carnes,  J.,  dissenting).

An appropriate judgment will be entered.

DONE, this the 3rd day of December, 2014.

        /s/ Myron H. Thompson
      UNITED STATES DISTRICT JUDGE