IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
COREY JARREL JOHNSON,          )
                               )
        Plaintiff,             )
                               )          CIVIL ACTION NO.
        v.                     )          1:14cv220-MHT
                               )              (WO)
UNITED STATES OF AMERICA,      )
                               )
        Defendant.             )


AMANDA JO PEACOCK,             )
                               )
        Plaintiff,             )
                               )          CIVIL ACTION NO.
        v.                     )          1:14cv221-MHT
                               )              (WO)
UNITED STATES OF AMERICA,      )
                               )
        Defendant.             )


KA.I.P., a minor, by and       )
through her maternal           )
grandmother, custodian and     )
next friend, Stephanie         )
Jones,                         )
                               )
        Plaintiff,             )
                               )          CIVIL ACTION NO.
        v.                     )          1:14cv222-MHT
                               )              (WO)
UNITED STATES OF AMERICA,      )
                               )
        Defendant.             )
```

OPINION AND ORDER

Pursuant to the Federal Tort Claims Act (FTCA), 28
U.S.C. §§ 1346(b) and 2671-2680, plaintiff Ka.I.P (a
seven-year old) and two other plaintiffs (both adults)
sued defendant United States of America to recover
damages for injuries sustained in a car accident.
Ka.I.P. is pursuing her claims through her maternal
grandmother, who is also her legal custodian. The
court has jurisdiction pursuant to 28 U.S.C.
§ 1346(b)(1).

The parties have reached a 'conditional' settlement
of all their claims. Because of the amount of the
settlement, counsel for the United States must obtain
final approval from a higher level in the Justice
Department pursuant to 28 C.F.R. § 0.172. In addition,
because Ka.I.P. is a minor, the parties have asked the
court to approve the settlement; and, because
government counsel may obtain the needed additional
administrative final approval only after the court has

2

given its approval, the parties have requested the court's approval in advance of the Justice Department's final approval and on the condition of that final approval. Based on the representations and evidence of the parties made during a pro ami hearing on January 25, 2016, and for the reasons explained below, the court will approve the proposed settlement, albeit conditionally as requested, as to Ka.I.P.

I.

"Under the FTCA, the applicable law is the whole [substantive] law of the State where the act or omission occurred." Schippers v. United States, 715 F.3d 879, 887 n.8 (11th Cir. 2013) (internal citations omitted). Because the "act or omission" at issue occurred in Alabama, Alabama substantive law applies. See id. "Alabama law requires that a court hold a fairness hearing before a minor plaintiff's case may be settled." Adams v. Criswell, 2014 WL 813142, at *1

3

(M.D. Ala. 2014) (Thompson, J.) (citing Large v. Hayes By and Through Nesbitt, 534 So. 2d 1101, 1105 (Ala. 1988)).  And, because this is a rule of substantive law, it must be applied here.  Burke v. Smith, 252 F.3d 1260, 1266 (11th Cir. 2001).  To have binding effect, the hearing must involve "an extensive examination of the facts, to determine whether the settlement is in the best interest of the minor."  Large, 534 So. 2d at 1105; see also Adams, 2014 WL 813142, at *1; William E. Shreve, Jr., Settling the Claims of a Minor, 72 Ala. Law. 308 (2011).

## II.

Ka.I.P.'s claims arise out of a car accident that occurred on March 27, 2012, on Highway 134 in rural Coffee County, Alabama.  Her claims include the following: simple negligence; wantonness; negligent entrustment; negligent and wanton hiring and retention; and failure to supervise and train.  She contends that

4

an employee of the United States Navy negligently drove his car into one in which she was a passenger. Ka.I.P.'s injuries included a femur fracture, elbow fracture, spleen and liver lacerations, pulmonary contusions, and a shattered left kidney that may no longer have any function. The two adult plaintiffs who were in the car with her were also injured. The United States denies liability as well as the alleged extent of the damages from the accident.

The parties propose to settle Ka.I.P.'s claims for $1 million, as part of a $ 4 million proposed total settlement of all three plaintiffs' claims. Ka.I.P.'s attorneys seek 25 % of her $ 1 million settlement, or $ 250,000.00, for attorneys' fees, as well as $ 1,252.16 in reimbursement for expenses incurred in filing and prosecuting this action.

Based on the representations of the parties made prior to the pro ami hearing, the court, for two reasons, appointed a guardian ad litem, Honorable Karen

Laneaux, to evaluate and advocate for Ka.I.P.'s best interest. First, the plaintiffs' attorneys--who represent all three plaintiffs and have determined the division of the proposed lump-sum total settlement amongst their clients--arguably face a conflict in dividing the settlement proceeds, because their clients potentially have 'zero sum' competing interests--that is, one plaintiff's gain could be another plaintiff's loss. Second, because Ka.I.P.'s grandmother, her legal custodian, is also the mother of Ka.I.P.'s mother, one of the other plaintiffs who will share in the lump-sum settlement, her grandmother has an arguable conflict as well, for her grandchild's loss could be her daughter's gain.

In addition, the parties were not in agreement as to who should bear the guardian ad litem's fees and expenses. The court concluded that, because plaintiffs' counsel will earn $ 1 million from the settlement of all claims in this litigation, and given

the injuries suffered by Ka.I.P., it is fair that Ka.I.P's counsel bear the fees and expenses of the guardian ad litem.

At the later pro ami hearing, the court heard form Ka.I.P.'s grandmother, the court-appointed guardian ad litem, and the attorneys for all parties.  The court received testimony and evidence related to liability, the injuries sustained by Ka.I.P., and the costs of Ka.I.P.'s medical care.  The parties provided the court with their views of the facts surrounding the accident.

According to an eyewitness uninvolved in the accident, the Naval employee attempted to pass an 18-wheeler truck in an area with poor visibility and hit head-on the car occupied by Ka.I.P., and, immediately prior to the time of the wreck, the Naval employee had been driving his vehicle in an erratic manner and in excess of the speed limit.  The Naval employee denies operating his vehicle in an unlawful manner.

Ka.I.P's grandmother, with whom Ka.I.P. resides, testified to the extent of Ka.I.P.'s injuries and her current condition. She also gave her understanding of the settlement and expressed her belief that the settlement is in Ka.I.P.'s best interest.

The court-appointed guardian ad litem, after explaining her understanding of the proposed settlement, provided information concerning Ka.I.P.'s injuries and medical treatment. She also recommended that the court approve the settlement as fair and reasonable and in Ka.I.P.'s best interest, based on: the seriousness of Ka.I.P.'s injuries; the costs of Ka.I.P.'s medical expenses; and other expenses Ka.I.P. is likely to incur as a result of her injuries. The guardian ad litem explained that a 'special-needs trust' will be used to protect settlement proceeds awarded to Ka.I.P. and that it is set up in such a way as not to impact the approximately $ 700 that Ka.I.P,

who is autistic, already receives in Supplemental
Security Income (SSI) each month.

Various fees and expenses will be deducted from
Ka.I.P.'s part of the proposed settlement.  Alabama
Medicaid has a lien that has been reduced to the amount
of $ 40,531.31; and Viking Insurance has a subrogation
lien in the amount of $ 666.00.  Outstanding medical
bills from Medical Center Enterprise-Physicians in the
amount of $ 992.27 and Enterprise Rescue in the amount
of $ 577.45 will also be deducted.


### III.

Based on the evidence and argument presented at the
pro ami hearing, the court is convinced that the amount
of the settlement is fair, reasonable, and just and
that the settlement is in Ka.I.P.'s best interest.
The court is also satisfied that the trust will be
accessible to Ka.I.P. and used solely for her benefit;
that it is a proper means of protecting her settlement

9

proceeds; and that it is set up in a manner that will not affect her receipt of SSI.

As stated earlier, the court had concerns that the plaintiffs' attorneys had an arguable conflict in deciding how to divide the settlement proceeds among the three plaintiffs and, further, that Ka.I.P.'s grandmother--because her daughter (Ka.I.P's mother) is also a plaintiff--had an arguable conflict in advocating for a greater share of the settlement for Ka.I.P., as Ka.I.P.'s gain could be her daughter's loss.  Based on the guardian ad litem's independent and thoughtful assessment of this litigation as well as all the evidence and other representations presented to the court, these concerns are allayed.

The fees requested by Ka.I.P.'s attorneys are reasonable under the factors set forth in <u>Peebles v. Miley</u>, 439 So. 2d 137 (Ala. 1983), and they have been duly earned by counsel.  The representation of Ka.I.P. required significant learning, skill, and labor for its

proper discharge; counsel spent the necessary time needed on this litigation for proper representation of their client; the result for Ka.I.P. is favorable in light of the injuries and the significant dispute as to liability; Ka.I.P.'s counsel devoted time on this matter that could have been profitably spent on other matters; and the requested attorneys' fees are within the 25 % limit applied to FTCA cases pursuant to 28 U.S.C. § 2678.

Finally, the guardian ad seeks a fee of $ 4,000.00. The parties do not object to her fee request.  In any event, her fee has been duly earned and is reasonable under the factors set forth in <u>Peebles</u>.  The position required significant learning, skill, and labor for its proper discharge; the guardian ad litem spent approximately 15 hours on this case; and her inquiry into this litigation on behalf of Ka.I.P. was necessary for its fair resolution.  Ka.I.P.'s attorneys will be

required to pay the guardian ad litem the full requested amount.

In sum, the court holds that the proposed settlement is fair, reasonable and just, is in the best interest of minor plaintiff Ka.I.P., and should be conditionally approved by the court.

* * *

It is, accordingly, ORDERED, ADJUDGED and DECREED as follows:

(1) The original and amended petitions for approval of the proposed settlement for plaintiff Ka.I.P., along with attorneys' fees and litigation costs, and to authorize execution of settlement on behalf of plaintiff Ka.I.P. (doc. nos. 44 and 52) are granted.

(2) The parties' proposed settlement of all of plaintiff Ka.I.P.'s claims against defendant United

States of America is approved, subject to the Justice Department's final approval of the settlement pursuant to 28 C.F.R. § 0.172.

(3) Counsel for defendant United States shall report to the court whether the settlement is approved as final within seven days of receiving such decision.

(4) The guardian ad litem, Honorable Karen Laneaux, is entitled to a fee of $ 4,000.00. The guardian ad litem fee is to be paid by plaintiff Ka.I.P's counsel directly to the guardian ad litem.

(5) These consolidated cases are closed administratively.

DONE, this the 8th day of February, 2016.

   /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE